AB-98-46                                                    1

En el Tribunal Supremo de Puerto Rico

| | |
|---|---|
| In re:<br><br>Fred H. Martínez<br>Lawrence Odell y<br>**Antonio J. Colorado** | Queja<br><br>99 TSPR 178 |

Número del Caso: AB-98-46

Oficina del Procurador General:    Carlos Lugo Fiol
                                    Procurador General

Abogados de la Parte Qda:Lcdo. Rubén T. Nigaglioni
                         Lcdo. Mario L. Paniagua
                         Lcdo. Luis Mariano Negrón Portillo

Abogados de Antonio J. Colorado: Por Derecho Propio

Fecha: 01/12/1999

Materia: Conducta Profesional

Este documento constituye un documento oficial
del Tribunal Supremo que está sujeto a los
cambios y correciones del proceso de compilación
y publicación oficial de las decisiones del
Tribunal. Su distribución electrónica se hace
como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

    Fred H. Martínez,                    AB-98-46
    Lawrence Odell y
    **Antonio J. Colorado**

PER CURIAM

San Juan, Puerto Rico, a 1 de diciembre de 1999

I

Mediante Per Curiam del 12 de abril de 1999, censuramos a los abogados Fred H. Martínez y Lawrence Odell por suscribir bajo juramento en escritura pública, hechos cuya falsedad conocían. En reconsideración expusieron, entre otros argumentos, que el quejoso Lcdo. Sierra, Jr., selectiva y antiéticamente excluyó de su queja al Lcdo. Antonio J. Colorado, aún cuando éste incurrió

en la misma conducta. Calificaron como sorprendente que no lo censuráramos también.

El Lcdo. Colorado intervino como _amicus curiae_ en el trámite de esa reconsideración. Negó que al suscribir la escritura pública en 1981 mediara

intención de mentir o engañar.[1] Insistió que la inconsistencia con la verdad fue una inadvertencia o error, y calificó de injusta nuestra decisión.

El 25 de junio, al denegar la Reconsideración, sostuvimos la censura y aclaramos que la consideración de la queja disciplinaria, base de nuestra decisión Per Curiam, no había finalizado y el Lcdo. Colorado respondería en su momento. Ese mismo día, mediante Resolución le concedimos al Lcdo. Colorado treinta (30) días para que compareciera y expusiera razones por las cuales no debía imponérsele igual sanción disciplinaria.

El 9 de agosto compareció y alegó no procedía disciplinarlo. En síntesis expuso, que el Procurador General no recomendó se le sancionara y nuestro requerimiento para que se expresara le privó totalmente de las salvaguardas procesales y sustantivas que provee la Regla 14 de nuestro Reglamento. Finalmente, adujo que aunque el lenguaje utilizado en la escritura pudo ser más preciso, ello no implicó deliberada estratagema ni intención de afectar intereses propietarios del Lcdo. Sierra, Jr.

---

[1] En unión a los Lcdos. Martínez y Odell, suscribió la referida escritura con el objetivo de crear el fideicomiso del plan de pensiones para beneficio de los miembros y asociados del entonces bufete de abogados "Martínez, Odell, Calabria & Sierra". La escritura hizo referencia a una resolución de la sociedad de abogados, ("Certificate of Partnership Action"), fechada 9 de marzo de 1981, en la cual se afirmó que los Lcdos. Martínez y Odell, junto al Lcdo. Colorado **eran los únicos socios del bufete, cuando en realidad habían otros.** Esa certificación, usada por el notario como fundamento de la autoridad de los otorgantes de la escritura pública, se incorporó a la misma.

II

De entrada carece de mérito su contención de que estamos impedidos de ejercitar nuestra facultad disciplinaria porque el Procurador General no recomendó imposición de sanción alguna en su contra.

Primero, nuestro cuerpo jurisprudencial y reglamentario reconoce esa facultad, incluso sua sponte. La omisión del Procurador General pudo responder a diversas razones, entre ellas que el Lcdo. Sierra, Jr., por razones desconocidas, lo excluyó de su queja original. Segundo, la recomendación que hace el Procurador General no limita nuestra facultad disciplinaria si encontramos, contrario a su criterio, que el abogado incurrió en conducta antiética.

Aclarado este extremo, tampoco convence su argumento de que le privamos de salvaguardas procesales y resulta tarde concedérselas en esta etapa. La propia Regla 14 invocada dispone que cuando de la propia contestación surjan hechos que lo justifique, podemos imponer las sanciones correspondientes **sin necesidad de trámite ulterior**.

El asunto no es extraño para el Lcdo. Colorado. Participó antes en el trámite de reconsideración como amicus curiae y expuso sus argumentos en contra de que se disciplináramos a los Lcdos. Martínez y Odell. **Además, le concedimos términos y así lo hizo**. No cabe argumentar que fue privado de salvaguarda procesal o sustantiva alguna.

Al respecto, el Lcdo. Colorado nos reproduce esencialmente los mismos argumentos que expuso en su

intervención como <u>amicus curiae</u>,[2] a los efectos de que su actuación y, la de los Lcdos. Martínez y Odell, no fue intencional; simplemente una inofensiva omisión o falta de precisión. **No niega los hechos ni su participación**.

Evaluada una vez más toda la prueba, reiteramos que la aseveración de que eran los únicos socios del bufete, por su importancia (fue incorporada en la escritura), no debió pasar por desapercibida en la otorgación de dicho instrumento. Reafirmamos además, que la falta de intención o daño a tercero no es excusa válida debido a la trascendencia y fe pública que genera el otorgamiento de instrumentos públicos.

Los diferentes escritos y argumentos reflejan diáfanamente que el Lcdo. Colorado incurrió en la misma conducta que catalogamos contraria al Canon 35 del Código de Ética de la Profesión.

Por esa conducta, el Lcdo. Colorado merece igual sanción disciplinaria: **nuestra más enérgica censura**.

Se dictará la correspondiente sentencia.

---

[2] Su intervención, junto a otras comparecencias en el trámite de reconsideración, no nos convenció de dejar sin efecto la sanción impuesta a los Lcdos. Martínez y Odell.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

    Fred H. Martínez,          AB-98-46
    Lawrence Odell y
    **Antonio J. Colorado**

SENTENCIA

San Juan, Puerto Rico, a 1 de diciembre de 1999

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte integrante de la presente, se dicta Sentencia censurando enérgicamente la conducta del Lcdo. Antonio J. Colorado.

Lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Rebollo López disiente; al igual que en el citado caso de In re Martínez y Odell, Opinión Per Curiam del 12 de abril de 1999, entiende que los hechos que sirvieron de base a la queja radicada no ameritan la imposición de sanción disciplinaria alguna contra los abogados. El Juez Asociado señor Corrada del Río archivaría la queja con una amonestación. El Juez Asociado, Sr. Fuster Berlingeri no intervino.

Isabel Llompart Zeno

Secretaria del Tribunal Supremo